13.8926:RMB:jr

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | | |
|---|---|---|
| PEKIN INSURANCE CO. as subrogee of LOGAN OUTSEN, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. |
| vs. | ) ) | |
| MATCO TOOLS CORP. and HORIZON TOOL, INC., | ) ) ) | PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendants. | ) ) | |

## COMPLAINT

NOW COMES the Plaintiff, PEKIN INSURANCE COMPANY as subrogee of LOGAN OUTSEN (hereinafter "Pekin"), by and through its attorneys, Esp Kreuzer Cores, LLP, and complaining of the Defendants, MATCO TOOLS CORP. (hereinafter "Matco") and HORIZON TOOL, INC. (hereinafter "Horizon"), states as follows:

## JURISDICTION AND VENUE

Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff Pekin is an Illinois corporation with its principal place of business located in the State of Illinois. Upon information and belief, Defendant Matco is a Delaware corporation with its principal place of business located in the State of Ohio, and Defendant Horizon is a North Carolina corporation with its principal place of business located in the State of North Carolina. The matter in controversy is in excess of $75,000.00, exclusive of interest and costs.

Venue is proper in this Court pursuant to U.S.C. § 1391 in that a substantial part of the events, acts or omissions giving rise to this claim occurred within the Central District of Illinois.

## FACTS COMMON TO ALL COUNTS

1. Plaintiff "Pekin" is the bona fide owner of the claims and causes of actions set forth below, having obtained the same by reason of payments made to or on behalf of its insured, LOGAN OUTSEN, pursuant to its policy of insurance numbered TH0192048, which insured said policyholders' real and personal property against the risk of damage.

2. That at all times herein pertinent, Pekin was an insurance company organized under the laws of the State of Illinois and duly licensed to conduct business in the State of Illinois.

3. That at all times herein pertinent the Plaintiff's subrogor, LOGAN OUTSEN (hereinafter "Outsen"), was an Illinois citizen and a tenant in the residential structure located at 4932 W. Doris Drive in the City of Kankakee, County of Kankakee, State of Illinois (hereinafter "Outsen residence").

4. That at all times herein pertinent, upon information and belief, Defendant Matco was a Delaware corporation, licensed to conduct business and in good standing in the State of Illinois, engaged in the design, manufacture and sale of power tools, with its principal place of business located at 4403 Allen Road, Stow, Ohio 44224.

5. That at all times herein pertinent, upon information and belief, Defendant Horizon was a North Carolina corporation in good standings, engaged in the design, manufacture and sale of power tools, with its principal place of business located at 7918 Industrial Village Road, Greensboro, North Carolina 27409.

6. This action arises out of damage sustained to the Outsen residence as the result of a fire which occurred at the Outsen residence on or about July 9, 2018.

7. Approximately one year prior to the date of loss, Outsen purchased a brand new Matco Versapro2 18000 mAh multi-function battery charger jump starter (hereinafter "battery charger") that was designed and manufactured by Matco and Horizon and sold by Horizon.

8. Upon information and belief, Outsen purchased the battery charger from a Matco tool truck that appeared at his place of employment.

9. That on or about July 9, 2018, a fire originated in the battery charger, which was located in the corner of the kitchen counter in Outsen's residence, and spread throughout the home, resulting in damage to the residence and Outsen's personal property.

10. Subsequent examination revealed that a faulty connection in electrical wiring in the battery charger resulted in an electrical failure, causing the fire.

11. Pursuant to their policy with Pekin, Outsen submitted an insurance claim seeking payment for damages resulting from the July 9, 2018 fire.

12. To date, Pekin has paid Outsen a total sum in the amount of $253,332.76 in connection with said fire, and Pekin is therefore subrogated to the rights of Outsen to the extent of the payments made against all persons who are liable for the failure of the battery charger and the resulting damages.

13. Upon information and belief, at all times prior to the fire on or about July 9, 2018, the battery charger was in substantially the same condition as the time it left the possession and/or control of Matco and Horizon, and Outsen had used the battery charger for its intended purpose in a manner reasonably foreseeable by Matco and Horizon.

## COUNT I – NEGLIGENCE (Matco)

1.-13.   Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 13 of the Facts Common to All Counts as and for paragraphs 1 through 13 of Count I, as if fully set forth herein.

14.   At all times relevant hereto, Matco had a duty to exercise reasonable care in the design and manufacture of the battery charger.

15.   Matco breached its respective duty through one or more of the following negligent acts and/or omissions:

    a.   Carelessly and negligently designed and manufactured the battery charger with faulty wiring connections;

    b.   Carelessly and negligently designed and manufactured the battery charger in a manner that allowed the wiring connections to cause high resistance heating in the power supply electrical wiring, resulting in an electrical failure;

    c.   Carelessly and negligently designed and manufactured the battery charger with combustible plastic wiring components, within which it was foreseeable that an electrical failure would occur and ignite a fire; and

    d.   Carelessly and negligently designed and manufactured the battery charger without adequate warning to users of the potential for the wiring connections to experience an electrical failure.

16.   As a direct and proximate result of Matco's breach of its owed duty of care, Outsen's residence sustained damages in the amount of $253,332.76, all to the loss and detriment of Pekin.

WHEREFORE, PEKIN INSURANCE COMPANY as subrogee of LOGAN OUTSEN, respectfully requests judgment be entered in its favor and against Defendant, MATCO, INC., in the amount of $253,332.76 plus costs, attorneys' fees if applicable, and for such other relief as this Court deems equitable and just.

## COUNT II – STRICT PRODUCT LIABILITY – Product Defect (Matco)

In the alternative and without withdrawing any of the foregoing, Plaintiff states as follows:

1.-13.   Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 13 of the Facts Common to All Counts as and for paragraphs 1 through 13 of Count II, as if fully set forth herein.

14.   Matco offered the battery charger for sale to the general public and consumers, including Outsen.

15.   The battery charger was expected to and did reach the general public and consumers, including Outsen, in the condition in which it was designed, manufactured, marketed and sold.

16.   At all times relevant herein, Matco marketed its products, including the battery charger, to members of the general public, including Outsen, who are ordinary and intended users of the battery charger.

17.   At all times relevant herein, Outsen obtained and used the battery charger for its intended purpose.

18.   At all relevant times, the battery charger remained in the condition in which it was designed, manufactured, marketed and sold by Matco.

19.   The battery charger and/or its parts or components were in an unreasonably dangerous defective condition, due to the propensity of the wiring connections to experience electrical failures, thus causing a fire that communicated to consumable materials within the battery charger, during the normal operation of the battery charger for its foreseeable and intended use.

20.     As a direct and proximate result of Matco's defective design and/or manufacture of the wiring connections in the battery charger, Outsen's residence sustained fire damage in the amount of $253,332.76, all to the loss and detriment of Pekin.

WHEREFORE, PEKIN INSURANCE COMPANY as subrogee of LOGAN OUTSEN, respectfully requests judgment be entered in its favor and against Defendant, MATCO, INC., in the amount of $253,332.76 plus costs, attorneys' fees if applicable, and for such other relief as this Court deems equitable and just.

### COUNT III – STRICT PRODUCT LIABILITY – Failure to Warn (Matco)

In the alternative and without withdrawing any of the foregoing, Plaintiff states as follows:

1.-13.  Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 13 of the Facts Common to All Counts as and for paragraphs 1 through 13 of Count II, as if fully set forth herein.

14.     Matco offered its battery chargers for sale to the general public and consumers, including Outsen.

15.     The battery charger was expected to and did reach the general public and consumers, including Outsen, in the condition in which it was designed, manufactured, marketed and sold.

16.     At all times relevant herein, Matco marketed its products, including the battery charger, to members of the general public, including Outsen, who are ordinary and intended users of the battery charger.

17.     At all relevant times, Outsen obtained and used the battery charger for its intended purpose.

18. At all relevant times, the battery charger remained in the condition in which it was designed, manufactured, marketed and sold by Matco.

19. The battery charger and/or its parts or components were in an unreasonably dangerous defective condition, due to the propensity of the wiring connections to experience electrical failures, thus causing a fire that communicated to consumable materials within the battery charger, during the normal operation of the battery charger for its foreseeable and intended use.

20. Matco knew or had reason to know that the battery charger was likely to be unreasonably dangerous for the use for which it was designed, manufactured marketed and sold by Matco.

21. Matco had no reason to believe that the foreseeable users of the battery charger, including Outsen, would realize its unreasonably dangerous condition, particularly since the wiring connections were not visible to users.

22. Matco failed to warn foreseeable users, including Outsen, of the defective and unreasonably dangerous condition of the battery charger, as well as the above-stated dangers and risks posed by the wiring connections through its normal and intended use.

23. As a direct and proximate result of Matco's failure to warn of the defective and unreasonably dangerous condition of the wiring connections in the battery charger, Outsen's residence sustained fire damage in the amount of $253,332.76, all to the loss and detriment of Pekin.

WHEREFORE, PEKIN INSURANCE COMPANY as subrogee of LOGAN OUTSEN, respectfully requests judgment be entered in its favor and against Defendant, MATCO, INC., in the amount of $253,332.76 plus costs, attorneys' fees if applicable, and for such other relief as this Court deems equitable and just.

### **COUNT IV – NEGLIGENCE (Horizon)**

1.-13. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 13 of the Facts Common to All Counts as and for paragraphs 1 through 13 of Count I, as if fully set forth herein.

14. At all times relevant hereto, Horizon had a duty to exercise reasonable care in the design, manufacture and sale of the battery charger.

15. Horizon breached its respective duty through one or more of the following negligent acts and/or omissions:

> a. Carelessly and negligently designed and manufactured the battery charger with faulty wiring connections;
>
> b. Carelessly and negligently designed and manufactured the battery charger in a manner that allowed the wiring connections to cause high resistance heating in the power supply electrical wiring, resulting in an electrical failure;
>
> c. Carelessly and negligently designed and manufactured the battery charger with combustible plastic wiring components, within which it was foreseeable that an electrical failure would occur and ignite a fire; and
>
> d. Carelessly and negligently designed and manufactured the battery charger without adequate warning to users of the potential for the wiring connections to experience an electrical failure.

16. As a direct and proximate result of Horizon's breach of its owed duty of care, Outsen's residence sustained damages in the amount of $253,332.76, all to the loss and detriment of Pekin.

WHEREFORE, PEKIN INSURANCE COMPANY as subrogee of LOGAN OUTSEN, respectfully requests judgment be entered in its favor and against Defendant, HORIZON TOOL, INC., in the amount of $253,332.76 plus costs, attorneys' fees if applicable, and for such other relief as this Court deems equitable and just.

**COUNT V – STRICT PRODUCT LIABILITY – Product Defect (Horizon)**

In the alternative and without withdrawing any of the foregoing, Plaintiff states as follows:

1.-13. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 13 of the Facts Common to All Counts as and for paragraphs 1 through 13 of Count II, as if fully set forth herein.

14. Horizon offered the battery charger for sale to the general public and consumers, including Outsen.

15. The battery charger was expected to and did reach the general public and consumers, including Outsen, in the condition in which it was designed, manufactured, marketed and sold.

16. At all times relevant herein, Horizon marketed its products, including the battery charger, to members of the general public, including Outsen, who are ordinary and intended users of the battery charger.

17. At all times relevant herein, Outsen obtained and used the battery charger for its intended purpose.

18. At all relevant times, the battery charger remained in the condition in which it was designed, manufactured, marketed and sold by Horizon.

19. The battery charger and/or its parts or components were in an unreasonably dangerous defective condition, due to the propensity of the wiring connections to experience electrical failures, thus causing a fire that communicated to consumable materials within the battery charger, during the normal operation of the battery charger for its foreseeable and intended use.

20. As a direct and proximate result of Horizon's defective design and/or manufacture of the wiring connections in the battery charger, Outsen's residence sustained fire damage in the amount of $253,332.76, all to the loss and detriment of Pekin.

WHEREFORE, PEKIN INSURANCE COMPANY as subrogee of LOGAN OUTSEN, respectfully requests judgment be entered in its favor and against Defendant, HORIZON TOOL, INC., in the amount of $253,332.76 plus costs, attorneys' fees if applicable, and for such other relief as this Court deems equitable and just.

**COUNT VI – STRICT PRODUCT LIABILITY – Failure to Warn (Horizon)**

In the alternative and without withdrawing any of the foregoing, Plaintiff states as follows:

1.-13. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 13 of the Facts Common to All Counts as and for paragraphs 1 through 13 of Count II, as if fully set forth herein.

14. Horizon offered its battery chargers for sale to the general public and consumers, including Outsen.

15. The battery charger was expected to and did reach the general public and consumers, including Outsen, in the condition in which it was designed, manufactured, marketed and sold.

16. At all times relevant herein, Horizon marketed its products, including the battery charger, to members of the general public, including Outsen, who are ordinary and intended users of the battery charger.

17. At all relevant times, Outsen obtained and used the battery charger for its intended purpose.

18. At all relevant times, the battery charger remained in the condition in which it was designed, manufactured, marketed and sold by Horizon.

19. The battery charger and/or its parts or components were in an unreasonably dangerous defective condition, due to the propensity of the wiring connections to experience electrical failures, thus causing a fire that communicated to consumable materials within the battery charger, during the normal operation of the battery charger for its foreseeable and intended use.

20. Horizon knew or had reason to know that the battery charger was likely to be unreasonably dangerous for the use for which it was designed, manufactured marketed and sold by Matco.

21. Horizon had no reason to believe that the foreseeable users of the battery charger, including Outsen, would realize its unreasonably dangerous condition, particularly since the wiring connections were not visible to users.

22. Horizon failed to warn foreseeable users, including Outsen, of the defective and unreasonably dangerous condition of the battery charger, as well as the above-stated dangers and risks posed by the wiring connections through its normal and intended use.

23. As a direct and proximate result of Horizon's failure to warn of the defective and unreasonably dangerous condition of the wiring connections in the battery charger, Outsen's residence sustained fire damage in the amount of $253,332.76, all to the loss and detriment of Pekin.

WHEREFORE, PEKIN INSURANCE COMPANY as subrogee of LOGAN OUTSEN, respectfully requests judgment be entered in its favor and against Defendant, HORIZON TOOL, INC., in the amount of $253,332.76 plus costs, attorneys' fees if applicable, and for such other relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiff, PEKIN INSURANCE COMPANY as subrogee of LOGAN OUTSEN, demands a trial by jury.

         Respectfully submitted,

         PEKIN INSURANCE COMPANY as subrogee of LOGAN OUTSEN,

         By:     /s/ Russell M. Barnett
                One of Plaintiff's attorneys

Russell M. Barnett - 6224426
Esp Kreuzer Cores, LLP
400 S. County Farm Rd., Ste. 200
Wheaton, Illinois  60187
Phone: 630.344.6553
Fax:    630.871.0224
rbarnett@ekclawfirm.com